Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra.*

**No. 57836.**—Fred Gretsch Mfg. Co., Inc. *v.* United States, protests 207483–K and 215185–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of pieces of vellum the same in all material respects as those the subject of Abstract 57385, the claim for free entry under paragraph 1736 was sustained.

BEFORE THE SECOND DIVISION, FEBRUARY 3, 1954

**No. 57837.**—Atlantic Steel & Iron Co. and H. A. Gogarty, Inc., et al. *v.* United States, protests 177124–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of aluminum rods similar in all material respects to those the subject of *Mohawk Iron & Steel Co.* v. *United States* (30 Cust. Ct. 274, C. D. 1533), the claim of the plaintiffs was sustained.

**No. 57838.**—J. F. Whitney & Co. *v.* United States, protest 155346–K (New York).

Opinion by LAWRENCE, J. An examination of the papers failing to disclose any reason for disturbing the action of the collector, which was presumptively correct, the protest was overruled.

**No. 57839.**—J. F. Whitney & Co. *v.* United States, protest 163826–K (New York).

Opinion by LAWRENCE, J. An examination of the papers disclosing nothing which tended in any way to overcome the presumption of correctness attaching to the decision of the collector, the protest was overruled.

BEFORE THE FIRST DIVISION, FEBRUARY 10, 1954

**No. 57840.**—Draeger Shipping Co. *v.* United States, protest 652362–G (New York).

Opinion by OLIVER, C. J.  In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra*.

No. 57841.—Vandegrift Forwarding Co., Inc. v. United States, protest 215842–K (New York).

Opinion by OLIVER, C. J.  In accordance with stipulation of counsel that the merchandise consists of hot plate mats of wood the same in all material respects as those the subject of Abstract 57261, the claim of the plaintiff was sustained.

No. 57842.—Cleveland Worsted Mills Co. v. United States, protests 144252–K, etc. (Cleveland).

Opinion by OLIVER, C. J.  It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159.  Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes.  Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content Under T. D. 53159" in schedule "A," attached to and made a part of the decision in this case.

No. 57843.—Hudson Shipping Co., Inc., and Caspe Knitwear Co. v. United States, protest 185564–K (New York).